## John Liss, Appellee, v. Haskell & Barker Car Company, Appellant.

### Gen. No. 22,907.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. Rehearing denied May 14, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Liss, plaintiff, against the Haskell & Barker Car Company, defendant, to recover damages for personal injuries sustained while working in defendant's car factory. From a judgment for plaintiff for $20,000, defendant appeals.

J. B. COLLINS and ROSE & SYMMES, for appellant; C. R. COLLINS, of counsel.

DAVID K. TONE and FRANK A. ROCKHOLD, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Liss v. Haskell & Barker Car Co., 205 Ill. App. 418.

## ·Abstract of the Decision.

1. MASTER AND SERVANT, § 95*—*when foreign law governs as to liability for injuries to servant.* In an action to recover for personal injuries sustained by an employee while at work in Indiana, where negligence was predicated upon the Indiana Employers' Liability Act, *held* that the provisions of the Indiana statutes were binding in the Illinois forum, even though contrary to the local practice.

2. MASTER AND SERVANT, § 699*—*when evidence is sufficient to show negligence of fellow-servant and due care of car carpenter.* In an action by a car carpenter under the Indiana Employers' Liability Act to recover for personal injuries sustained while working in a shop, due to the backing of a locomotive against separated cars on the same track, and knocking them against the car he was working on, and the next car while he was passing between the latter two, where it appeared that plaintiff had looked in both directions before going between the cars and had seen no engine and defendant's fellow-servants had failed to send ahead a brakeman to see if any one was working on the cars, pursuant to custom, evidence *held* sufficient to show negligence of a fellow-servant and due care of plaintiff.

3. APPEAL AND ERROR, § 806*—*when finding of jury in personal injury case not disturbed because of defective bill of exceptions.* Where a bill of exceptions in a personal injury case, in which the plaintiff was injured by being caught between cars located on a track in the shop of the defendant where there were many other cars and tracks, failed to contain one or more blue prints and a photograph which were introduced as exhibits and shown to the jury, which apparently indicated the position of the tracks and surroundings and were of value in fixing in the minds of the jury the physical situation and surroundings, *held* that in the absence of such exhibits the reviewing court could not presume to find the weight of the evidence contrary to the finding of the jury.

4. APPEAL AND ERROR, § 806*—*when question of excessiveness of damages not reviewed.* In an action for personal injuries, where the bill of exceptions did not contain several X-ray plates and photographs which were identified and testified about by doctors on both sides, *held* that the question as to whether the damages were excessive could not be considered.

5. DAMAGES, § 120*—*when verdict for personal injuries is not excessive.* In a personal injury case where it appeared that plaintiff sustained a fracture of the pubic arch, with a rupture of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bladder, and a disintegration of the pubic bone seemed to have followed also with abdominal hernia; that inflammation of the separated ligaments formerly attached to part of the bone, which was missing, set in, so as to render it difficult for plaintiff to use one of his legs in walking; that the pelvic arch became weakened, and there was also severe bladder disease causing infection and inflammation, *held* that a judgment for $20,000 was not excessive.